**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 30, 2020

Richard I. G. Jones, Jr. Esquire
Berger Harris LLP
1105 N. Market Street, Suite 1100
Wilmington, DE 19801

Mr. Brian Skinner, *pro se*
111 Veronica Lane
Bear, DE 19701
skinner.brian@gmail.com

Catherine Damavandi, Esquire
Nurick Law Group, LLC
501 Silverside Road, Suite 95
Wilmington, DE 19809

Skinner Capital, LLC
c/o Mr. Brian Skinner
56 Leonard Street
Apartment 38 BE
New York, NY 10013
skinner.brian@gmail.com

Re: *Stone & Paper Investors, LLC v. Blanch et al.,*
C.A. No. 2018-0394-PAF

Dear Counsel and Mr. Skinner:

The Court has reviewed Mr. Skinner's October 26, 2020 letter, seeking permission to file a motion for partial summary judgment. Dkt. 280. The basis for the motion is that plaintiff Stone & Paper Investors, LLC ("Plaintiff") has admitted that it approved payments and loans made to Skinner Capital, LLC and that Albert Carter, a manager of Plaintiff, "had complete control of the American Express card in which charges are at issue." *Id.* Mr. Skinner's letter does not include any

exhibits or otherwise provide any citation to the discovery record in support of his request for leave to file a motion for partial summary judgment.

"There is no 'right' to a summary judgment." *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002). Accordingly, "the court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application." *In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at \*9 (Del. Ch. June 12, 2014) (citations omitted); *see also The Williams Cos. v. Energy Transfer LP*, 2020 WL 3581095, at \*11 (Del. Ch. July 2, 2020) ("[T]he court in its discretion may determine that a trial record is necessary in the interests of justice.").

This case is scheduled for trial in approximately six weeks, and the parties have not completed depositions. Having recently decided a motion to dismiss the Blanch Defendants' counterclaims and third-party claims (Dkt. 158), presided over numerous discovery disputes (*see*, *e.g.*, Dkt. 127, 149, 207, 220, 248, 256, 270), and a recent motion to amend (Dkt. 197), the Court is familiar with the claims and issues in this case. Given the close proximity to trial, and that any motion for partial summary judgment will not obviate the need for trial, the Court concludes that it is desirable to consider the claims at issue on a full factual record developed

at trial. Accordingly, Mr. Skinner's request to file a motion for partial summary judgment is denied.

IT IS SO ORDERED.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor


PAF/dtw